**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4560**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HENRY SCURRY, IV,

Defendant - Appellant.

---

**No. 04-4561**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OTTO THORPE, III,

Defendant - Appellant.

---

Appeals from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (CR-03-377-WDQ)

---

Submitted: July 14, 2005          Decided: July 21, 2005

---

Before WILKINSON, LUTTIG, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

---

Jonathan A. Gladstone, LAW OFFICES OF JONATHAN GLADSTONE, Annapolis, Maryland; Jane Carol Norman, BOND, CONTE & NORMAN, PC, Washington, D.C., for Appellants. Allen F. Loucks, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Henry Scurry IV, pled guilty to possession with intent to distribute cocaine (Count 6) and was sentenced to 146 months of imprisonment. Otto Thorpe III, pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base and cocaine (Count 1) and to possession of a firearm in furtherance of a drug trafficking crime (Count 5) and was sentenced to seventy-eight months for the drug conspiracy and sixty months consecutively for the firearm offense. For the reasons that follow, we dismiss the appeals.

On appeal Scurry and Thorpe allege that they were improperly sentenced under a mandatory sentencing guideline scheme in violation of United States v. Booker, 125 S. Ct. 738 (2005). In addition, Thorpe alleges that his base offense level was improperly increased by two levels for distributing drugs within 1000 feet of public housing facility under U.S. Sentencing Guidelines Manual § 2D1.2(a)(1) (2003). In its brief, the Government argues that Appellants have waived their right to contest their sentences because they waived this right in their valid plea agreements.

A defendant may waive the right to appeal if that waiver is a knowing and intelligent decision to forego the right to appeal. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Whether a defendant has effectively waived his right to appeal is an issue of law we review de novo. United States v.

Marin, 961 F.2d 493, 496 (4th Cir. 1992).  To determine whether a waiver is knowing and intelligent, this court examines the background, experience, and conduct of the defendant. Broughton-Jones, 71 F.3d at 1146.  Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable.  United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990).

Appellants allege that they may attack their sentences because of the Supreme Court's opinion in Booker.  We recently held, however, that where, as here, the United States seeks enforcement of a waiver, and there is no claim that the Government breached its obligations under the plea agreement, we will enforce the waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed in within the scope of the waiver.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

In their signed plea agreements, each Appellant agreed to waive the rights conferred by 18 U.S.C. § 3742 (2000) to appeal whatever sentence imposed, reserving only the right to appeal from an upward departure from the guideline range established at sentencing.  (S.J.A. 98, 111).  The district court specifically reviewed this waiver with each Appellant at his guilty plea

hearing. (S.J.A. 134, 153, 156-57). Furthermore, our review of the plea hearings reveals that Scurry and Thorpe knowingly and voluntarily pled guilty, understanding that they were waiving their appellate rights to contest their sentences. <u>Wessells</u>, 936 F.2d at 167-68; <u>Wiggins</u>, 905 F.2d at 53-54. Finally, neither Appellant received an upward departure, and there is no allegation that the Government breached any obligation under the agreements. Because Appellants only raise sentencing issues, which are clearly barred by the waiver provision of their plea agreements, we will enforce the waiver and dismiss the appeal. <u>Blick</u>, 408 F.3d at 168-70. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>